FILED
U.S. DISTRICT COURT
DISTRICT OF KANSAS

UNITIED STATES DISTRICT COURT
DISTRICT OF KANSAS
WICHITA COURTHOUSE

'10  SEP 13  P2 :59

CLERK U.S. DISTRICT COURT
BY: _____ DEPUTY CLERK
AT WICHITA, KS

BRADY WALSTAD

Plaintiff

CASE NO. 10-cv-1306-RDR-KGS

Vs

Kramer & Frank, P.C.

Defendant

## COMPLAINT AND JURY DEMAND

### JURISDICTAION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 15 U.S.C. §1692k(d),
   15 U.S.C. §1681p, and K.S.A 50-623.
2. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act,
   15 U.S.C. 1692 et seq.(FDCPA), the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.(FCRA),
   and the Kansas Statutes Annotated (Hereafter K.S.A.) K.S.A 50-623.

### VENUE

3. Venue is proper in the District.
4. The acts and transactions alleged herein occurred in this Judicial District.
5. The Plaintiff resides in the Judicial District.
6. Defendant transacts business in this Judicial District.

### PARTIES

7. Plaintiff, Brady Walstad, is a natural Person.
8. Plaintiff resides in the City of Colwich, County of Sedgwick, State of Kansas.
9. The Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), 15 U.S.C. § 1681a(c), and
   K.S.A 50-624(b).

10. The Plaintiff is an "any person" as that term is used within by 15 U.S.C. § 1692 et seq.
11. Defendant is Kramer & Frank, P.C., is a foreign corporation with the no listed Kansas resident agent but lists their Registered Agent as James Frankel in Missouri.
12. Defendant operates from an address of 9300 Dielman Ind. Dr., Ste 100 St. Louis, Missouri 63132 and 1125 Grand Blvd. Suite 600 Kansas City, Missouri 64106.
13. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).
14. Defendant is a "person" as a term defined in 15 U.S.C. § 1681a(b) and K.S.A. 50-624(i).
15. Defendant is a "supplier" as a term defined in K.S.A. 50-624(l).
16. Defendant regular attempts to collect debts alleged due to another.

## FACTUAL ALLEGATIONS AND CAUSES OF ACTION

17. Sometime prior to the filing of the instant action, the Plaintiff allegedly incurred a financial obligation that was for personal, family, or household purposes and is a "debt" as that term is defined by 15 U.S.C. § 1692a(5), (hereinafter the Account"), namely a debt allegedly owed to GE Money Bank.
18. The Account was allegedly not paid and it went into default with the creditor.
19. Sometime thereafter, the alleged Account was assigned, placed or otherwise transferred to the Defendant for collection from the Plaintiff.
20. The Plaintiff disputes the Account.
21. In Sep 04, 2009, Defendant sent Plaintiff a letter trying to collect for Lowe's Consumer Account / GE Money Bank on the alleged Account.
22. Plaintiff sent a letter back to Defendant disputing the alleged Account and requested debt validation.
23. On Sep 21, 2009, Defendant signed for a letter from Plaintiff that disputed the alleged Account. Defendant Willfully and Knowingly failed to communicate to GE Money Bank or to Trans Union, Experian, & CSC Credit Services Consumer Reports, the Account was Disputed by Consumer, violating 15 U.S.C. § 1692e (8) X 3 X 11 months or 33 times.
24. Defendant signed for the Plaintiff's letter requesting debt validation on Sep 21st 2009 but never validated the alleged Account. When a request for Debt validation has been received by a debt collection agency such as Kramer & Frank, the debt collector must cease collection efforts until debt is validated as stated in 15 U.S.C. § 1692g (B).
25. Defendant never sent debt validation to the Plaintiff or ceased collection activities.
26. On Nov 18, 2009, Defendant sent a letter to Plaintiff, stating Plaintiff owed $910.35 and said to "send payment in full to our office immediately." Since Defendant never validated the Account, their continue collection activity is a violation of 15 U.S.C. § 1692g (B).
27. On Nov 19th, 2009, Defendant received a Consumer Report from Trans Union on the Plaintiff's. On Dec 09, 2009, Defendant filed a lawsuit for GE Money Bank. Defendant received a copy of Plaintiff's "consumer report" for the wrong reason and didn't have permissible purpose to do so. This is a violation of 15 U.S.C. § 1681b (a)(3)(A), 15 U.S.C. § 1681b (f), 15 U.S.C. § 1692e (8) and 15 U.S. C. § 1692e (10).
28. On Dec 09, 2009, Defendant filed a lawsuit for GE Money Bank to try an collect this alleged Account and since Defendant never validated the alleged Account, the Defendant's continue collection activity violated 15 U.S.C. § 1692g (B).
29. On May 19, 2010 in a court hearing, Plaintiff elected AAA Arbitration to settle the Dec 10, 2009 lawsuit. In the hearing, Courtney Mikesic (Attorney for Defendant) tried to make Plaintiff pay all costs of AAA Arbitration, which is a violation of 15 U.S.C. § 1692f(1), 15 U.S.C.

§ 1692e (10), K.S.A 50-627(a)(b)(6) and/or K.S.A 50-626. The GE Money Bank Terms and Conditions in the contract clearly state if Plaintiff sends GE Money Bank a written request to pay the filing fees and Arbitration costs, GE Money Bank will pay all Plaintiff's Arbitration costs up to $2,500.

30. On Nov 18, 2009, Defendant sent a letter stating Plaintiff owed $910.35. On Dec 09, 2010, Defendant filed a lawsuit for GE Money Bank for $910.35. On about July 13, 2010, the Plaintiff received a letter from Defendant dated Nov 18, 2009 stating the balance owed was $984.35. Defendant sent Plaintiff 2 letters that have the same date on them, but 2 different balances, which is a violation of 15 U.S.C. § 1692e (2), 15 U.S.C. § 1692e(10), 15 U.S.C. § 1692f(1), and K.S.A 50-626.

31. On August 18, 2010, Courtney Mikesic (Attorney for Defendant), insinuated to Plaintiff during a court hearing that her client was paying their AAA Arbitration fees. Defendant or their client never paid their AAA Arbitration fees. Courtney Mikesic used a false representation or deceptive act to Plaintiff which is a violation of 15 U.S. C. § 1692e (10) and K.S.A 50-626.

32. On August 25, 2010, Defendant sent letter to Plaintiff showing an alleged Balance Due for the Account of $984.35 violating 15 U.S.C. § 1692e (2), 15 U.S. C. § 1692e (10), 15 U.S.C. § 1692f(1), and K.S.A 50-626. Court costs of $74 were added to the alleged Account in Nov. 2009, which was/is a deceptive act and false representation, because the court case for this alleged Account was dismissed but court costs were not taken off the balance of the alleged Account. The court costs obviously shouldn't have been added to start with.

33. Defendant and its representatives, employees and/or agents above-listed statements and actions constitute unfair practices and violate 15 U.S.C. § 1692f.

34. Plaintiff has tried several times to settle this matter out of court, by sending Defendant emails and faxes, and has been ignored until recently when Plaintiff made a small settlement offer.

35. As a consequence of the Defendant's collection activities, the Plaintiff has suffered actual damages, including emotional distress.

## RESPONDEAT SUPERIOR

36. The representatives and/or collectors at the Defendant were employees of and agents of the Defendant, were acting within course and scope of their employment at the time of the incidents complained of herein and were under the direct supervision and control of the Defendant at all times mentioned herein.

37. The actions of the representatives and/or collectors at the Defendant are imputed to their employer, the Defendant.

38. As a direct and proximate result of the aforesaid actions, the Plaintiff has suffered the aforementioned damages.

## JURY TRIAL DEMANDED

The Plaintiff is entitled to and hereby demands a trial by Jury. US Const. amend. 7., Fed.R.Civ.Pro.38

## DESIGNATION OF THE PLACE OF TRIAL

Plaintiff requests Wichita, Kansas as the place of trial.

## PRAYER

WHEREFORE, the Plaintiff prays that the Court grants the following.

1. Actual Damages of 30,000 under 15 U.S.C. § 1692k(a)(1)

2. Statutory Damages of $1,000 under 15 U.S.C. § 1692k(a)(2)(A)

3. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3)

4. Statutory Damages of $3,300 under 15 U.S.C. § 1681n(a)(1)(A).

5. Statutory Damages of $1,000 under 15 U.S.C. § 1681n(b).

6. Statutory fines and penalties under 15 U.S.C. § 1681q.

7. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1681n (a) (3).

8. Punitive damages of $5,000 as allowed in - 15 U.S.C. § 1681n (a)(2).

9. Statutory Damages of $30,000 under K.S.A. 50-636.

10. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

*Brady Walstad*

Brady Walstad
PO Box 201
428 Kansas
Colwich, KS 67030

**VERIFICATION OF COMPLAINT AND CERTIFICATION**

STATE OF KANSAS

Plaintiff, Brady Walstad, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by me and I believe that all of the facts contained it are true to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe this civil Complaint is well grounded in fact and warranted by exiting law or by good faith argument for the extension, modification or reversal of existing law.
4. I believe this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to a Defendants(s), or create a needless increase in cost of litigation to any Defendant(s) named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purpose set forth in it.
6. Each and every exhibit I have attached to this Complaint is a true and correct copy of the original.
7. I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of m own handwritten notations.

**Pursuant to 28 U.S.C.** § 1746(2), I Brady Walstad, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

9/13/10

**Date**

Brady Walstad

**Brady Walstad**

PLAINTIFF VERIFIED COMPLAINT